IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRANDEN MIESMER, | Cause No. CV 25-52-H-DWM |
| Plaintiff, | |
| | ORDER |
| vs. | |
| JOVANOVICH, ET AL., | |
| Defendants. | |

Plaintiff Branden Miesmer moves for a preservation order. (Doc. 55.)

Defendants oppose the motion. (Docs. 58 and 59.) The motion is denied.

Miesmer seeks an order preserving certain specific categories of records that

are likely in possession of the defendants. (Doc. 56 at 3 - 4.) Both Defendant Dr.

Johnson and the State Defendants acknowledge their obligations to preserve

relevant material and, as such, deny the necessity of any court order. (Docs. 58 and

59.)

Once a complaint is filed, parties to a lawsuit have a duty to preserve

evidence that is relevant or could reasonably lead to the discovery of admissible

evidence. *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 959 (9th Cir. 2006). "There are

two sources of authority under which a district court can sanction a party who has

despoiled evidence: the inherent power of federal courts to levy sanctions in

response to abusive litigation practices, and the availability of sanctions under Rule

1

37 against a party who fails to obey an order to provide or permit discovery." *Id.*, at 958 (internal citation omitted). Federal courts have the power to issue preservation orders as part of their inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Pueblo of Laguna v. United States,* 60 Fed. Cl. 133, 135–36 (2004) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, (1962)). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991).

The parties are obliged to preserve the relevant evidence they possess. Miesmer has provided no facts to show that evidence is in danger of being destroyed, or that an order of the court is required to protect any information. Additionally, Miesmer may rely on Fed. R. Civ. P. 37 if it turns out evidence has been despoiled. A preservation order is unnecessary and unwarranted at this point.

Accordingly, it is HEREBY ORDERED:

1.      Plaintiff Miesmer's motion is DENIED.  (Doc. 55.)

2.      At all times, Plaintiff must advise the Court and counsel of any change of address.  Failure to do so may result in dismissal. Fed. R. Civ. P.  41(b).

DATED this ___23ʳᵈ___ day of February, 2026.

Donald W. Molloy, District Judge
United States District Court

2